FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAY 9 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────X

DAVID V. MORRIS,

            Plaintiff,

-against-

LOCAL 804, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, UNITED
PARCEL SERVICE, RICHARD A. LEVIN,
SHERRI EISENPRESS, MIKE DEMARZO,
EARL R. PFEFFER, HOWARD C. EDELMAN,

            Defendants.
────────────────────────────X

**MEMORANDUM
AND ORDER**
03-CV-1117 (ERK)

KORMAN, Ch.J.

By Order dated December 8, 2004 (the "December Order"), this Court adopted the Report and Recommendation of Magistrate Judge Lois Bloom, dated September 15, 2004, and dismissed plaintiff's complaint against all defendants. Plaintiff filed a notice of appeal on January 6, 2005. On January 13, 2005, plaintiff moved this Court to vacate the December Order pursuant to Fed. R. Civ. P. 60(b)(4), and defendants United Parcel Service, Levin and Demarzo filed an opposition to plaintiff's motion on January 28, 2005. However, on January 23, 2005, plaintiff requested to withdraw his Rule 60(b)(4) motion, and on January 29, 2005, the Court granted his request.

On February 1, 2005, plaintiff filed another Rule 60(b)(4) motion seeking to vacate the December Order, and on February 7, 2005, the motion was referred to the United States Magistrate Judge. On February 15, 2005, I withdrew the order of reference to the Magistrate Judge, noting that plaintiff's Rule 60(b)(4) motion had been withdrawn. By letter dated February 21, 2005, plaintiff informed the Court that he did not intend to withdraw his Rule 60(b) motion filed February 1, 2005 and requested that this Court reinstate its Order referring the motion to the

1

Magistrate Judge. Plaintiff's letter was referred to the Magistrate Judge. The order referring this matter to Magistrate Judge Bloom is hereby vacated. The Court cannot consider plaintiff' Rule 60(b)(4) motion for the reasons set forth below.

"This circuit has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (quoting Ryan v. United States Line Co., 303 F.2d 430, 434 (2d Cir.1962)). Therefore, this Court is without jurisdiction to consider plaintiff's motion, which is hereby dismissed. See id. (district court lacks jurisdiction to rule on 60(b) motion which was filed after a notice of appeal removed the matter to the court of appeals). If this Court could hear the motion, it would be denied as plaintiff's arguments are without merit.

Accordingly, the Court is without jurisdiction to consider plaintiff's motion for reconsideration. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
4/18/05

s/Edward R. Korman
Edward R. Korman
United States District Judge